[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR ORDER
Winnick Ruben Block Hawkins Arons for plaintiff.
Wiggin Dana for defendant university.
Tyler Cooper Alcorn for individual defendant.
The plaintiff in this matter moves the court for an order compelling the defendant to provide a blood sample for the purpose of genetic testing. It is claimed in the complaint that the defendant improperly and negligently departed from the usual CT Page 7802 practices of appropriate therapy in a patient-doctor relationship and induced the plaintiff into engaging in a sexual relationship. It is claimed that the production of a blood sample for such testing will be of assistance to the plaintiff in identifying the defendant as the individual whose semen stains are upon certain property in the possession of the plaintiff.
Section 229 C.P.B. provides that the court may order a party to submit to a physical examination in any civil action under the terms and conditions as set out therein. There is no provision in the rules for drawing of blood samples or other body specimens as relating to civil cases although it has long been established that body samples are obtainable under criminal rules of discovery (§ 778 C.P.B. Discovery and Depositions, esp. No. 778(9) providing for the taking of blood samples "if the taking does not involve an unreasonable intrusion of the body"; such is also allowed paternity cases (§ 46b-168 C.G.S.).)
The granting of motions during the pendency of a matter seeking production of information claimed to be relevant rests in the sound discretion of the court. Katz v. Richman, 114 Conn. 165,171. In State v. Floyd, 217 Conn. 73, 82, the court considered compulsory administration of a blood test and noted that the reasonableness of such intrusions depends upon a case by case approach and a balancing of the interests of the parties.
The court observes that in this day and age blood tests are commonplace for a variety of reasons and seemingly involve a minimal physical intrusions and little risk. Blood samples are commonly obtained by lay persons under no medical supervision for monitoring certain levels in the blood of various components. SeeSchmerber v. California, 384 U.S. 771.
Considering all of the above, the court concludes that the plaintiff's request for a blood sample for testing in an effort to prosecute her claim or, in the alternative, to swiftly conclude it, outweighs the claim of the defendant that he will suffer an "insult to his human dignity and privacy."
The motion is granted.
George W. Ripley, Judge CT Page 7803